EXHIBIT "A"

FILED 2/22/2021 3:09 PM
2021-DCL-01016 / 50781819
LAURA PEREZ-REYES
Cameron County District Clerk
By Viviana Fuentes Deputy Clerk

CAUSE NO. 2021-DCL-01016

| | | |
|---|---|---|
| **MARINA GARCIA** | § | IN THE DISTRICT COURT |
| **Plaintiff,** | § | |
| | § | Cameron County - 138th District Court |
| | § | |
| **V.** | § | ____ JUDICIAL DISTRICT |
| | § | |
| | § | |
| **CLARKSON INDUSTRIAL** | § | |
| **CONTRACTORS, INC., and JERRY** | § | |
| **BOYD EDWARDS** | § | |
| **Defendants** | § | **CAMERON COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

**NOW COMES,** Plaintiff **MARINA GARCIA,** and files this Plaintiff's Original Petition complaining of Defendants **JERRY BOYD EDWARDS** and **CLARKSON INDUSTRIAL CONTRACTORS, INC.,** for causes of action, Plaintiff would show as follows:

### I.
### DISCOVERY CONTROL PLAN LEVEL

1.1     Discovery shall be conducted under Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

### II.
### PARTIES AND SERVICE

2.1     Plaintiff **MARINA GARCIA,** is an individual and resident of CAMERON County, Texas.

2.2     Defendant **JERRY BOYD EDWARDS (hereinafter referred as "EDWARDS")** is an individual and resident of the State of South Carolina.  Defendant may be served with process at Defendant's residence located at 719 Butter Street, Landrum, South Carolina, or wherever Defendant EDWARDS may be found within the State of Texas.

2.3     Defendant **CLARKSON INDUSTRIAL CONTRACTORS, INC., (hereinafter referred as "CLARKSON")** is a company doing business in Texas.  Service of process on the Defendant may be effected pursuant to article 2.11(A) of the Texas Business Organizations Code, by serving its registered agent for service, InCorp Services, Inc., 815 Brazos Street, Suite 500, Austin, Texas, 78701.  Service of said Defendant as described above can be effected by certified mail.

## III.
## JURISDICTION AND VENUE

3.1     The subject matter in controversy is within the jurisdictional limits of this court.  This court has jurisdiction over the parties because the Defendant EDWARDS is a Texas resident.

3.2     Venue in CAMERON County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.

3.3     Pursuant to Tex. R. Civ. Pro. 47(c), Plaintiff seeks monetary relief over $1,000,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney fees.  Plaintiff pleads for such relief to allow the jury the necessary discretion to award damages in the amount it sees fit.

## IV.
## FACTUAL BACKGROUND
### The Collision

4.1     This lawsuit concerns a motor vehicle collision that occurred on July 9, 2020.  At the time of the collision, Ms. Garcia was driving her 2019 Dodge Charger, which was involved in a collision with a 2014 Ford F250 (VIN No. 1FT7W2A60EEA57482) driven by Defendant EDWARDS while under the authority and control of Defendant CLARKSON INDUSTRIAL

CONTRACTORS, INC. Further, Defendant CLARKSON is the registered owner of the 2014 Ford F250 involved in the collision, which it entrusted to Defendant JERRY BOYD EDWARDS on or around the date of the incident.

4.2     The vehicular collision occurred on a Thursday morning near the intersection of 4500 Padre Island Hwy, and 3330 Boca Chica Blvd, within the city limits of Brownsville, CAMERON County, Texas. Prior to the collision, Plaintiff was exiting a Home Depot Parking lot and was traveling in the middle turn lane as she approached a controlled traffic light with the intent to make a left turn on to Padre Island Hwy. At the same time, Defendant was traveling southwest in the left lane of Padre Island Hwy as he approached said traffic light. The incident ensued when Defendant EDWARDS failed to yield the right-of-way to Plaintiff's vehicle by failing to come to a stop at the red traffic light. As a result, Defendant's truck T-Boned the driver's side of the Plaintiff's vehicle as she attempted to make a lawful left-turn at the traffic light. Due to the force of the impact, Plaintiff's sustained severe bodily injuries and property damages.

4.3     The collision was investigated by Officer Cornelio Renteria of the Brownsville Police Department. Officer Renteria reported the following in his official crash report:

> ***Unit 2*** *[Plaintiff's vehicle]* ***was stationary facing east at the exit drive of the Home Depot Parking Lot at a red traffic light.  Unit 1*** *[Defendant's vehicle]* ***was traveling SW at 4500 SH 48 on the left lane.  According to Unit 2's driver she stated that she received a green traffic light and proceeded to make a left turn when Unit 1 did not stop striking Unit 2's LD with its FD.  Unit 1's driver stated that he could not recall if the light was green or red.  .***

The following excerpt is from Officer Renteria's crash report:



The Employment Relationship Between the Defendants and The Resulting Vicarious Liability

4.4     At the time of the collision, which is the subject of this cause of action, and at all other relevant times, Defendant EDWARDS was an employee of Defendant CLARKSON, who was acting within the course and scope of his employment.  In this regard, Defendant EDWARDS was an employee insofar as the master-servant relationship under common law is concerned.

4.5     Alternatively, Defendant CLARKSON, is vicariously liable with respect to all negligence of Defendant EDWARDS under the traditional common-law doctrines of the master-servant relationship and *respondeat superior*.

The Injuries

4.6     Plaintiff suffered emotional and physical injuries as a result of this collision. Immediately following the collision, Plaintiff reported experiencing neck and lower back pain from the incident.  Plaintiff has also consulted with physicians and received physical therapy in an attempt to alleviate this pain.  Plaintiff has undergone an MRI examination of her cervical and spine and has been diagnosed with the following:

- C3-4:  There is a 1 mm broad-based posterior central disc protrusion;
- C4-C5:  There is a 1.5 mm broad-based posterior disc protrusion;
- C5-C6:  There is a 1.5 mm broad-based posterior disc protrusion; and
- C6-C7:  There is a 1.5 mm broad-based posterior central focal disc protrusion.

4.8     In addition, Plaintiff has undergone and MRI examination of her lumbar spine and has been diagnosed with the following:

- L5-S1, there is a 3mm broad-based posterior disc protrusion extending paracentral region bilaterally.  Annulus tear at right posterior paracentral region;
- L4-5, there is a 2 mm broad-based posterior disc protrusion extending into bilateral foramina, measuring 4mm right foramina and 3mm left foramina.  Mild bilateral inferior foraminal narrowing, more on the right.  Mild compromise of thecal sac; and
- L3-4, there is a 1.5 mm broad-based posterior disc protrusion; and
- L2-3, there is a 1.5 mm left foraminal focal disc protrusion.

4.9     Based on the above findings, in all reasonable probability, Plaintiff will continue to incur additional and future medical expenses to alleviate her pain.  These medical treatments may include, but are not limited to, physical therapy, daily medications, and pain management treatments.

## V.
## PLAINTIFF'S CLAIM FOR
## – NEGLIGENCE AND/OR NEGLIGENCE PER SE AGAINST JERRY BOYD EDWARDS–

**A.     Negligence**

5.1     Defendant, CLARKSON, Inc. is the responsible party defendant for the actions of its employee, Defendant EDWARDS, acting within the course and scope of his employment.

5.2     Under the doctrine of *respondeat superior*, Defendant, CLARKSON, is vicariously liable for the actions of its employee, Defendant EDWARDS, while in the course and scope of his employment.  The occurrence made the basis of this suit, referred to above, and the resulting injuries and damages were proximately caused by the negligent acts and/or omissions of Defendant, CLARKSON's employee, which consisted of, but are not limited to, the following actions and omissions:

A. Failing to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

B. Placing Plaintiff in a position of peril due to Defendant's lack of due care and exercise of ordinary prudence of a person of Defendant's maturity and capacity under similar circumstances;

C. Failing to operate a motor vehicle at a speed that is reasonable and prudent under the conditions and with regard to the actual and potential hazards then existing and at a speed necessary to avoid colliding with any person, vehicle, or other conveyance on the roadway in violation of Tex. Tranp. Code § 545.351, constituting negligence per se;

D. Failing to apply brakes to a motor vehicle in a timely and prudent manner;

E. Failing to exercise reasonable care to protect the safety of others who are using the roadways;

F. Failing to take evasive action to avoid colliding with other vehicles on the roadway;

G. Failing to use the vehicle's horn, lights, and/or other equipment to warn Plaintiff of the impending collision;

H. Failing to maintain a safe distance between two vehicles;

I. Driver inattention;

J. Failing to yield-the-right of way to Plaintiff's vehicle; and

K. Failing to stop at a red light in violation of Texas Penal Code Section 544.007.

5.3 The above actions and omissions committed by the Defendant constitute negligence and/or negligence per se as described herein and were the proximate cause of the subject collision and the injuries and damages sustained by the Plaintiff.

5.4 At the time of the collision, Plaintiff was acting as an ordinary prudent person and exercised ordinary care under the circumstances described herein. The collision was not

expected by the Plaintiff, and Plaintiff committed no actions or omissions that caused, or contributed to causing, the collision underlying this suit.

## VI.
## PLAINTIFF'S CLAIM FOR
## – NEGLIGENCE AND/OR NEGLIGENCE PER SE AGAINST CLARKSON INDUSTRIAL CONTRACTORS, INC.–

### A. *RESPONDEAT SUPERIOR*

6.1    The Defendant, CLARKSON, is liable under the doctrine of *Respondeat Superior* in that Defendant EDWARDS was operating the vehicle in the course and scope of his employment with Defendant, CLARKSON, at the time of the collision.

6.2    At the time of the occurrence of the act in question and immediately prior thereto, Defendant, EDWARDS, was within the course and scope of his employment with Defendant, CLARKSON.

6.3    At the time of the occurrence of the act in question and immediately prior thereto, Defendant EDWARDS was engaged in the furtherance of Defendant CLARKSON's business.

6.4    At the time of the occurrence of the act in question and immediately prior thereto, Defendant EDWARDS was engaged in accomplishing a task for which Defendant EDWARDS was employed.

6.5    Plaintiff invokes the doctrine of *Respondeat Superior* against Defendant, CLARKSON.

### B. NEGLIGENCE

6.6    Defendant CLARKSON was also independently negligent in one or more of the following respects:

   a.   negligent hiring of Defendant EDWARDS;
   b.   negligent entrustment of the vehicle to of Defendant EDWARDS;
   c.   negligent driver qualifications;

      d.      negligent training and supervision of Defendant EDWARDS;
      e.      negligent retention of Defendant EDWARDS;
      f.      negligent contracting; and/or
      g.      negligent maintenance of the vehicle Defendant EDWARDS was operating at the time of the crash.

6.7    As described herein, Defendant CLARKSON was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

6.8    Each of these acts and/or omissions, whether taken singularly or in any combination constitute negligence and/or negligence per se, which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which he will continue to suffer in the future, if not for the remainder of his natural life, and the damages and other losses to Plaintiff.

**C. GROSS NEGLIGENCE**

6.9    The above-referenced acts and/or omissions by Defendant constitute gross negligence and/or malice as those terms are defined in §§ 41.001(7) and 41.001(11) of the Texas CIVIL PRACTICE & REMEDIES CODE. Defendant was heedless and reckless, and its actions constituted an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Defendant was aware of the risk but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including Plaintiff. The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

6.10    Defendant's actions and/or omissions described above, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability of harm to Plaintiff and others.

6.11    Defendant had actual, subjective awareness of the risk involved, but still proceeded in the indifference to the rights, safety, or welfare of Plaintiff and others.

6.12    The above acts and/or omissions were singularly and cumulatively the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VII.
## PLAINTIFF'S CLAIM FOR DAMAGES

7.1    As a direct and proximate result of the collision made the basis of this lawsuit, Plaintiff was caused to suffer bodily injuries, and to incur the following damages:

A.  Reasonable medical care and expenses in the past. These expenses were incurred by the Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in localities in which they were incurred;

B.  Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.  Physical pain and suffering in the past and in the future;

D.  Physical impairment and deformity in the past and which, in all reasonable probability, will continue to be suffered by the Plaintiff in the future;

E.  Loss of earning capacity in the past and which, in all reasonable probability, will be suffered in the future;

F.  Mental anguish in the past and in the future;

G.  Past and future lost wages; and

H.  Property damages and/or loss of use of Plaintiff's vehicle.

7.2    In addition, as a result of the collision, Plaintiff has incurred expenses for medical treatment and such expenses are continuing to accrue as of the filing of this petition. All of these expenses are reasonable and customary in the localities in which they were incurred.

7.3    As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that Plaintiff will require further medical treatment and will incur future reasonable and necessary expenses.

### EXEMPLARY DAMAGES

7.4    Plaintiff's injuries resulted from the Defendants' gross negligence, and therefore Plaintiff is entitled to exemplary damages under section 41.003 (a) of the Texas Civil Practice & Remedies Code.   The above-referenced acts and/or omissions by Defendants also, or alternatively, constitute malice as that term is defined in Section 41.001(7)(B) Texas Civil Practice and Remedies Code.

7.5    Therefore, for such gross negligence and/or malice on behalf of Defendants, Plaintiff respectfully requests exemplary damages in an amount to be determined by a jury of their peers.

### VIII.
### REQUEST FOR DISCLOSURES TO DEFENDANTS JERRY BOYD EDWARDS AND CLARKSON INDUSTRIAL CONTRACTORS, INC.

8.1    Pursuant to Rule 194, **each** of the above listed Defendants are requested to disclose, within 50 days after service of this request, the information or material described in Rule 194.2(a)-(l) at the address of the attorney for the Plaintiff located at 2401 Wild Flower Dr., Suite A, Brownsville, Texas 78526.  Further, pursuant to Rule 190, Defendants are requested to disclose, within 50 days after service of this request, the information or material described in Rule 190.2(b)(6) at the address of the attorney for Plaintiff.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, **MARINA GARCIA**, respectfully prays that the Defendant **JERRY BOYD EDWARDS** and **CLARKSON**

**INDUSTRIAL CONTRACTORS, INC.,** be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICES OF JAVIER VILLARREAL**
2401 Wildflower Drive, Suite A
Brownsville, Texas 78520
Tel: (956) 544-4444
Fax: (956) 550-0877

By: **/s/ Mike Trevino**
Javier Villarreal
State Bar No. 24028097
Daniel A. Torres
State Bar No. 24046985
Mike Trevino
State Bar No. 24093280
**COUNSEL FOR PLAINTIFF**

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**COURTESY NOTICE TO DEFENDANTS**

If you had insurance at the time of the accident, please forward a copy of this petition to your insurance company *__immediately__*.

The Hartford Commercial Auto Center
Attn: Carlos Montiel
Phone No.: (210) 591-4695
Toll Free No.: (800) 236-0398 Ext. 2307630
Fax No.: (866) 809-0964

Re. Claim No. Y2VAL49066
Insured: **Clarkson Industrial Contractors, Inc.**
Insurer: Hartford Casualty Insurance Company
Claimant: MARINA GARCIA
Date of Loss: **July 9, 2020**

FILED - 3/9/2021 9:38 AM
2021-DCL-01016 / 51279988
LAURA PEREZ-REYES
Cameron County District Clerk
By Ezequiel Zepeda Deputy Clerk

CAUSE NO. 2021-DCL-01016-B

| | | |
|---|---|---|
| MARINA GARCIA<br>Plaintiffs<br><br>V.<br>CLARKSON INDUSTRIAL<br>CONTRACTORS, INC., and JERRY<br>BOYD EDWARDS<br>Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | IN THE DISTRICT COURT<br><br>Cameron County – 138th District Court<br><br>_____ JUDICAL DISTRICT<br><br>CAMERON COUNTY, TEXAS |

## SERVER'S RETURN

Before me, the undersigned notary, on this day, personally appeared Lory Ramirez, a person whose identity is known to me. After I administered an oath to her, upon this oath he said:

"My name Lory Ramirez, and I make the following representation to the judge of the Court regarding the service of citation in this case:

1. I received this citation on February 24, 2021 executed it by mailing, from the United States Post Office in Weslaco, Texas, a true copy of the citation, with a copy of the Original Petition attached, by certified mail, return receipt requested (item # 7020 2450 0000 8621 7123) on February 25, 2021 to Clarkson Industrial Contractors, Inc c/o Registered Agent In Corp Services Inc 815 Brazos Street, Suite 500 Austin TX 78701. The return receipt, with the addressee's signature is attached.

2. I am not a party to, nor do I have any interest in, the outcome of this case.

3. I am more than 18 years of age.

4. I am familiar with the Texas Rules of the Civil Procedure and other rules and statutes relating to service of citation.

Lory Ramirez PSC12231 EXP 8/31/2023

**SUBSRIBED AND SWORN TO ME**, on March 8, 2021 by Lory Ramirez.

Notary Public State of Texas

Melissa Rodriguez
Notary Public, State of Texas
ID#13146253-0
My Commission Expires
02-22-2022

FILED - 3/9/2021 11:39 AM
2021-DCL-01016 / 51290031

LAURA PEREZ-REYES

Cameron County District Clerk
By Adriana Munoz Deputy Clerk

CAUSE NO. 2021-DCL-01016-B

| | | |
|---|---|---|
| MARINA GARCIA<br>Plaintiffs<br><br>V.<br><br>CLARKSON INDUSTRIAL<br>CONTRACTORS, INC., and JERRY<br>BOYD EDWARDS<br>Defendants | § § § § § § § § § § | IN THE DISTRICT COURT<br><br>Cameron County – 138th District Court<br><br>_____ JUDICAL DISTRICT<br><br>CAMERON COUNTY, TEXAS |

## SERVER'S RETURN

Before me, the undersigned notary, on this day, personally appeared Lory Ramirez, a person whose identity is known to me. After I administered an oath to her, upon this oath he said:

"My name Lory Ramirez, and I make the following representation to the judge of the Court regarding the service of citation in this case:

1. I received this citation on February 24, 2021 executed it by mailing, from the United States Post Office in Weslaco, Texas, a true copy of the citation, with a copy of the Original Petition attached, by certified mail, return receipt requested (item # 7020 2450 0000 8621 7116) on February 25, 2021 to Jerry Boyd Edwards 713 Butter Street Landrum SC 29356. The return receipt, with the addressee's signature is attached.

2. I am not a party to, nor do I have any interest in, the outcome of this case.

3. I am more than 18 years of age.

4. I am familiar with the Texas Rules of the Civil Procedure and other rules and statutes relating to service of citation.

Lory Ramirez PSC12231 EXP 8/31/2023

SUBSRIBED AND SWORN TO ME, on March 8, 2021 by Lory Ramirez.

Notary Public State of Texas

Melissa Rodriguez
Notary Public, State of Texas
ID# 13146253-0
My Commission Expires
02-22-2022

FILED - 3/17/2021 11:05 AM
2021-DCL-01016 / 51552449
LAURA PEREZ-REYES
Cameron County District Clerk
By Ezequiel Zepeda Deputy Clerk

(2021-109)

CAUSE NO. 2021-DCL-01016

| | | |
|---|---|---|
| MARINA GARCIA | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | 138TH JUDICIAL DISTRICT |
| CLARKSON INDUSTRIAL | § | |
| CONTRACTORS, INC., and JERRY | § | |
| BOYD EDWARDS | § | CAMERON COUNTY, TEXAS |

# DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW Defendants, CLARKSON INDUSTRIAL CONTRACTORS, INC., and JERRY BOYD EDWARDS, and hereby make and file this their Original Answer to Plaintiff's Original Petition and in support hereof would show the Court as follows:

I.

GENERAL DENIAL

1.1   Defendants deny each and every, all and singular, the allegations in Plaintiff's Original Petition, and say they are not true, in whole or in part, and demand strict proof thereof on the trial of this cause.

WHEREFORE, PREMISES CONSIDERED, Defendants, CLARKSON INDUSTRIAL CONTRACTORS, INC., and JERRY BOYD EDWARDS, respectfully pray that Plaintiff take nothing from these Defendants and that the Court enter a judgment dismissing all claims against these Defendants with prejudice and awarding all costs of court and expenses incurred herein, and for such other and further relief, at law and in equity, general or special, to which these Defendants might show themselves to be justly entitled to receive.

        Respectfully submitted,

        HODGE JAMES JILPAS & NICHOLS
        Attorneys at Law
        P.O. Box 534329 (78553)
        1617 E. Tyler Ave., Suite A
        Harlingen, Texas 78550
        Telephone: (956) 425-7400
        Facsimile:  (956) 425-7707


        */s/ Anthony B. James*
        Anthony B. James
        State Bar No. 10537300
        Email: ajames@hodgejames.com

        Attorneys for Defendants


## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing, Defendants' Original Answer, has been served on the 17th day of March, 2021, to all attorneys of record electronic mail as follows:

        Via Email
        Javier Villarreal
        Mike Trevino
        Daniel A. Torres
        Law Offices of Javier Villareal
        2401 Wildflower Drive, Suite A
        Brownsville, Texas 78520


    *Attorney for Plaintiff*


        */s/ Anthony B. James*
        Anthony B. James